UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARKKO ENTERPRISES, INC.; CHUBB NATIONAL INSURANCE COMPANY, AS SUBROGEE OF WENDY HAMILTON; CHUBB INDEMNITY INSURANCE COMPANY, AS SUBROGEE OF MARSHA COHEN; AMICA MUTUAL INSURANCE COMPANY, AS SUBROGEE OF MICHAEL DEMARCO; DARIUSZ BOROWSKI<br><br>Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action brought by the plaintiff, Mount Vernon Fire Insurance Company ("Mount Vernon") seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights, obligations and liabilities of the parties under a policy of insurance issued by Mount Vernon to Markko Enterprises, Inc. ("Markko"). This action specifically seeks a determination that Mount Vernon is not obligated under Commercial General Liability Insurance Policy No. CL 2681111B to defend and/or indemnify Markko in connection with claims asserted by defendants Chubb National Insurance Company and Chubb Indemnity Insurance Company (collectively referred to as "Chubb"), Amica Mutual Insurance Company ("Amica"), and Dariusz Borowski ("Borowski").

## THE PARTIES

1. The plaintiff, Mount Vernon, is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania. Mount Vernon is registered with the Massachusetts Commissioner of Insurance to conduct business in Massachusetts.

2. The defendant, Markko, is a Massachusetts corporation with a usual place of business at 15 Garland Street, Lynn, Massachusetts 01902.

3. The defendant, Chubb National Insurance Company, is an Indiana corporation with a principal place of business located at 202 B. Halls Mills Road, Whitehouse Station, New Jersey 08889.

4. The defendant, Chubb Indemnity Insurance Company, is a New York corporation with a principal place of business located at 202 B. Halls Mills Road, Whitehouse Station, New Jersey 08889.

5. The defendant, Amica, is a Rhode Island corporation with a principal place of business located at 100 Amica Way, Lincoln, Rhode Island, 02865.

6. The defendant, Borowski, is an individual doing business as Borowski Construction at 824 Liberty Street, Braintree, Massachusetts, 02184.

7. Chubb, Amica and Borowski are only being named as defendants in this matter as "required parties" pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.     Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 since the events giving rise to this complaint substantially arose and occurred in this judicial district.

## ISSUANCE OF MOUNT VERNON POLICY

10.    The policy of insurance at issue in this declaratory judgment action is Commercial General Liability Insurance Policy No. CL 2681111B ("the Policy").  The Policy was issued by Mount Vernon to Markko Enterprises, Inc., with a Policy Period of August 15, 2017 to August 15, 2018.  A copy of the Policy is attached hereto as **Exhibit A**.

11.    The Declarations Page of the Policy lists Markko's classification as "Floor Covering Installation – not ceramic tile or stone".

12.    On or around August 18, 2014, Markko submitted to Mount Vernon a Commercial General Liability Application (the "Application"). A copy of the Application is attached hereto as **Exhibit B**.

13.    The Application includes a statement "No wood floor sanding or refinishing" which requires the applicant to respond whether it is true or false for their business. Markko falsely responded to this statement by answering "True".

14.    The response to this statement was false and a misrepresentation because Markko was engaged in the sanding, staining and refinishing of wood flooring and has been since its inception.

15.    The Application signed by Mr. Bulkevych on behalf of Markko reads as follows:

> I warrant that the information provided in this Application, and any amendments or modifications to this Application are true and correct. I acknowledge that the information provided in this Application is material to acceptance of the risk and the insurance of the requested policy by Company. I agree that any claim, incident, occurrence, event or material change in the Applicant's operation taking place between the date of this application was signed and the effective date of the insurance policy applied for

3

>which would render inaccurate, untrue or incomplete, any information provided in this Application, will immediately be reported in writing to the Company and the Company may withdraw or modify any outstanding quotations and/or void any authorization or agreement to bind the insurance…
>
>I acknowledge and agree that a breach of this WARRANTY STATEMENT is grounds for Company to declare void any policy or policies issued in reliance thereon and/or deny any claim(s) for coverage thereunder.

16. Markko did not advise Mount Vernon of the false answer on the application until August 8, 2018 during an examination under oath.

17. In addition to the Application, Markko signed and submitted two separate Confirmation of Material Information Form for Renewal Policies Only ("Renewal Confirmations") on May 5, 2017 and March 27, 2018, respectively. Copies of the Renewal Confirmations are attached as **Exhibits C** and **D**.

18. Question No. 2 on the Renewal Confirmations asks as follows:

>No changes in the named insured's organization, operation, location, receipts, financial condition, losses or other conditions that could reasonably be expected to affect eligibility and pricing of renewal coverage?

Markko falsely responded to Question No. 2 on the Renewal Notifications by answering "No".

19. The response to Question No. 2 was false and a misrepresentation because Markko was aware or should have been aware that the original Application contained false information regarding its operations and Markko failed to correct such false information in the Renewal Confirmations.

20. Had Mount Vernon known that the information Markko provided was false, it would not have issued the Policy because it does not insure artisan contractors who sand and/or refinish

4

wood flooring. This has been Mount Vernon's policy for over a decade. See Affidavit of Gina Huhn, attached as **Exhibit E**.

## THE FIRE AT 22 CUMBERLAND STREET, BOSTON, MA

21. In late 2017, Borowski hired Markko as a subcontractor for a renovation project at 22 Cumberland Street, Boston, Massachusetts (the "Property").

22. Markko was hired to stain the bannisters and beams, while Borowski installed the hardwood floors.

23. Staining bannisters is typically done by painters; however, Borowski was short on painters and therefore hired Markko to perform the work.

24. Markko began working at the Property in late 2017 and continued until April 2018.

25. On April 4, 2018, a fire ignited at the Property and caused extensive damage to it and two neighboring properties.

26. At the relevant times, the Property and 24 Cumberland Street were insured by Chubb. Another property, 20 Cumberland Street, was insured by Amica.

27. As a result of the fire, Chubb allegedly made payments totaling $1,708,305.73 to its insureds. Amica allegedly made payments totaling $536,510.46 to its insured.

28. On July 24, 2018, Chubb sent a demand letter to Mount Vernon whereby it blamed Markko for the fire and demanded payment of the Policy's $1 million limit in satisfaction of its subrogation claims against Markko.

29. On November 20, 2018, Amica provided documents to Mount Vernon and Borowski supporting its alleged damages.

30. On January 25, 2019, Chubb filed a complaint against Markko and Borowski in the U.S. District Court for the District of Massachusetts, Case 1:19-cv-10166-JCB ("the Subrogation

Action"). The complaint filed in the Subrogation Action asserts claims for Negligence against Markko (Count I) and Borowski (Count II), and Breach of the Implied Warranty of Workmanlike Service against Borowski (Count III). Mount Vernon is defending Markko in the Subrogation Action, subject to a reservation of rights.

31. On February 28, 2019, Borowski filed a cross claim against Markko in the Subrogation Action asserting claims for Contribution (Count I), Common Law Indemnification (Count II), and Breach of Contract (Count III).

32. On May 6, 2019 Chubb filed an amended complaint in the Subrogation Action against Borowski and Markko and the matter remain open as of the date of this complaint.

33. An actual controversy has arisen and presently exists between Mount Vernon and the defendants regarding whether the Policy provides coverage to Markko with respect to the claims asserted by Chubb and Borowski in the Subrogation Action, and with respect to Amica's claims.

## COUNT I – DECLARATORY JUDGMENT (RESCISSION)

34. Mount Vernon restates and incorporates the allegations of Paragraphs 1 – 33 as if fully stated herein.

35. M.G.L. c. 175, § 186 governs the right of an insurer to rescind a policy based upon a misrepresentation and provides:

> No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.

36. Markko made a misrepresentation of material fact in the Application by answering that it does not sand or refinish wood flooring, when, in fact, it did when it submitted the Application and continued to do so through all times pertinent to this matter.

6

37. This material misrepresentation increased Mount Vernon's risk of loss because if Mount Vernon had known the truth, it would not have issued the Policy as it does not insure artisan contractors who are engaged in the sanding or refinishing of wood flooring. Therefore, Mount Vernon is entitled to rescind the Policy.

### COUNT II–DECLARATORY JUDGMENT (CLASSIFICATION LIMITATION ENDORSEMENT)

38. Mount Vernon restates and incorporates the allegations of Paragraphs 1 – 37 as if fully stated herein.

39. The Policy was issued with an endorsement entitled "Classification Limitation Endorsement" which provides, in pertinent part:

> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.
>
> No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.

40. Markko's work on the Property was outside of his classification of "Floor Covering Installation – not ceramic tile or stone" as it was staining bannisters and beams for the Property when the fire occurred.

41. Therefore, the "Classification Limitation Endorsement" excludes coverage for any claim arising out of Markko's work on the Property because its work was outside of its listed classification contained in the Policy.

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, Mount Vernon Fire Insurance Company, requests a Judgment which makes the following declaration of rights:

(a) The Policy was issued in reliance upon material misrepresentations of fact in the Application and Renewal Notifications;

(b)   Mount Vernon is entitled to rescind the Policy;

(c)   Coverage for Markko with respect to the claims asserted in the Subrogation Action is precluded by the "Classification Limitation Endorsement" issued with the Policy;

(d)   Mount Vernon has no obligation to defend or indemnify Markko with respect to any claim relating to its work at the Property;

(e)   Mount Vernon is entitled to such further relief as is just and proper.

Respectfully submitted,

MOUNT VERNON FIRE
INSURANCE COMPANY

By its attorneys,

*/s/ Scarlett M. Rajbanshi*
Scarlett M. Rajbanshi, BBO#666103
Lincoln A. Rose, BBO#691797
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2011
srajbanshi@peabodyarnold.com
lrose@peabodyarnold.com

Dated: October 25, 2019

1502214_2
15948-203384

8